WHITE (GOODYEAR DENTAL VULCANITE CO. v.). See Cases Nos. 5.601 and 5,-602.

WHITE (GORHAM CO. v.). See Case No. 5.627.

WHITE (HATCH v.). See Case No. 6,209.

---

## Case No. 17,548.

### WHITE v. HOW et al.

### [3 McLean, 111.] [1]

Circuit Court. D. Michigan. Oct. Term. 1842.

BANKS—CONSTITUTIONALITY OF LAW—INDIVIDUAL LIABILITY OF DIRECTORS — EXCESSIVE LOANS—INSOLVENCY.

1. The act entitled "An'act to organize and regulate banking associations," approved March 15, 1837, is constitutional.

2. Under the above act, the directors are liable in their individual capacities in the first instance. if the debts of the institution exceed three times the amount of stock paid.

[Cited in Pickaway Co. Bank v. Prather, 12 Ohio St. 512.]

3. The directors are liable for all excess of debts above three times the amount of capital stock paid. and also for all deficits occasioned by the insolvency of the bank.

4. If a director protests against certain loans, at the time they were made. he is not liable. as director, in his individual capacity for such loans.

5. Where the plaintiff seeks to make the directors liable for excess of loans. &c. the declaration must aver the amount of such excess.

6. The amendatory bank law, which took effect the 30th December. 1837, somewhat modifies the prior law.

7. In the first law. the legislature reserved the power to dissolve or modify the charters under it. at their discretion.

8. But acts under the first law cannot be so changed by the second as to increase their responsibility.

· 9. This question. however. is not involved in the case.

10. The act of insolvency fixes the responsibility of the directors under the new law.

11. The insolvency of the bank occurred long after the amendatory law took effect.

McLEAN, Circuit Justice. This suit is brought against the directors of the Saline Bank, established at Saline, in this state. In his declaration the plaintiff states, that on the 28th August, 1837, at Saline, books were opened to receive subscriptions of stock for a bank, to be called the Bank of Saline, with a capital stock, &c. under the act entitled "An act to organize and regulate banking associations," approved March 15, 1837; and that subscriptions for stock were then and there received. That on the 16th of October, 1837. defendants, with one Silas Finch, now deceased, and one Morgan L. Collins. who is a citizen of Ohio, were elected directors of said banking association, and then and there entered upon their duties as directors. That a president and cashier were elected, and that the defendants, claiming to have complied with all the provisions and requirements of the above act to constitute a body corporate, to wit, on the 5th December, 1837, had a large amount of notes engraved, which were filled up and signed by the cashier and president. and commenced doing ,business as a banking association. and continued such business until the 1st September. 1838, when said bank failed, and ceased paying its notes, debts. and liabilities in specie. and also then and there ceased doing business as a bank, and became insolvent. and is still insolvent. That the defendants, as directors, became subject to an act entitled "An act to amend an act entitled an act to organize and regulate banking associations, and for other purposes." approved 30th December. 1837, and which took effect the 10th January ensuing. And the plaintiff avers that he is the bearer and legal owner of the notes of said bank to the amount of fifteen hundred dollars, &c. Two general counts were added to the special count. The defendants filed a general demurrer.

In the argument the defendants insist—First. "that the laws under which the Bank of Saline was organized are unconstitutional." The constitutionality of these acts was considered and decided. by this court, in the case of Falconer v. Campbell [Case No. 4,620], and being satisfied with that opinion, we deem it unnecessary again to examine the question. The second ground of objection is—that "the declaration does not show that the defendants. as directors, are liable for the debts of the bank. declared on."

The 25th section of the act of the 15th of March, 1837, provides. that: "The total amount of debts which such (banking) associations shall at any time owe. exclusive of property deposited in the bank. shall not exceed three times the amount of capital stock actually paid in and possessed: and for all excess and all deficits occasioned by the insolvency of such bank. the directors. in the first place. shall be liable in their individual capacity. in the full amount of their real and personal property:

and each other stockholder shall thereafter be also liable to the amount of stock which he shall hold in such association, in proportion to his or her amount of stock: provided, that any director who. if present, shall enter his protest, or, if absent, shall within five days after his return to said bank, enter his protest against certain loans, discounts, or issues, shall not be liable, further than other stockholders, on such loans, discounts, or issues." Under this section, it is contended that the defendants, as directors. can only be made liable for excess of debts incurred by the bank beyond the limitation imposed. And this construction is not controverted by the plaintiff. That part of the section which imposes a liability on the directors, contemplates two distinct grounds on which they are to be charged: 1st. For all excess of debts above three times the amount of captital stock paid in; and, 2d. For all deficits occasioned by the insolvency of the bank. In this view, the directors are liable for all excess of debts, without regard to the insolvency of the bank; and they are responsible for all deficits, in case of insolvency, without reference to excess of debts incurred. The words seem to be susceptible of no other construction. If the section intended to make the directors liable for excess of debts only in case the bank were insolvent, a different phraseology would have been used. But they are made liable for "all excess of debt and all deficits occasioned by the insolvency of the bank." Excess of debts beyond the limitation may be incurred, and yet the bank may remain solvent; and it may become insolvent without incurring any obligation beyond three times the amount of its capital stock. And can it be doubted that in either of these cases the words cited make the directors liable; in the one case for the excess of debts, and in the other for the amount of deficits. If we are to judge of the intention of the legislature by the natural import of the words used—and I know of no other rule of construction—this must be the result. The proviso only exonerates a director from liability. except as a stockholder, from those debts accruing from "loans, discounts or issues" against which he has protested. There is then nothing in the proviso to modify or restrain the liability of the directors on the happening of the contingencies named, except as to debts against which a protest has been made.

But there is no liability of the defendants under this section shown in the declaration. It is neither averred that an excess of debts. beyond the limitation, to the amount of the plaintiff's demand was incurred. nor that the deficit on the insolvency equalled that sum. That the bank became insolvent is alleged, but there is no averment as to the amount of the deficit. In this respect the declaration is defective. The action being in the nature of a penalty, all the grounds on which the liability was incurred should be specifically stated. But it is insisted that the liability of the defendants attaches under the amendatory bank law of the 30th of December, 1837, which took effect the 10th of January following. The 21st section of that act provides: "That the total amount of debts which such banking association shall at any time owe, exclusive of property deposited in the bank, shall not exceed three times the amount of capital stock actually paid in and possessed; and for all debts of such banking association, the directors thereof, if such association shall become insolvent, in the first place, shall be liable in their individual capacity to the full amount which such insolvent association may be indebted," &c. The bills on which this action is founded bear date the first of January, 1838, and as no time is averred when these bills were issued by the bank, it is insisted that the day of their date must fix the time of their emission. And that as this was prior to the amendatory law, there can be no liability of the defendants under the above section. That from the nature of this law it must receive a strict construction. That at the time the debt set up by the plaintiff was incurred by the bank, the law then in force imposed a limited and different liability on the defendants, which cannot be increased or modified by the amendatory law. That the legislature had not the power to give the second act a retrospective effect; and if they had such power. that in no part of the act does it appear that such an effect was intended to be given to it.

On the other side it is contended that the power reserved by the legislature in the first law to "alter or amend the act, and to dissolve any association to be incorporated under its provisions, by a vote of two-thirds of each house," places the whole charter under legislative discretion. That if the legislature may dissolve the charter, they may change it so as to increase or modify the liability of the defendants, as well as it regards past as future transactions. The power reserved in the first law may be exercised at the discretion of the legislature. Under it the charter may be dissolved or modified, but acts which were in themselves innocent, or involved only a limited responsibility, cannot be essentially changed by subsequent legislation. But it is not perceived how this principle is involved in the present case. Under the amendatory law the directors are made responsible for the debts of the bank. on its becoming insolvent. And it appears from the declaration that the Saline Bank became insolvent the first of September, 1838. This was long after the amendatory law took effect. The act of insolvency fixes the responsibility of the defendants. We must look to that act, and not to the time the debts of the bank were contracted. Without reference to the time the debts were incurred, the act declares if the bank shall become insolvent, the directors shall be liable for the full amount of its debts. Now it can be a matter of no importance when the debts were contracted. The Saline Bank

does not appear to have become insolvent by issuing the notes on which this action is founded. It did business up to the first of September, 1838, when it became insolvent. If the act of insolvency, on which the liability of the defendants attaches, had occurred before the amendatory act took effect, the objection of the defendants' counsel would be unanswerable. For aught that appears, the notes in question were properly issued by the bank, for its business was continued many months afterwards. From the face of the declaration, the bank must be presumed to have been in a solvent state, not only when these notes bear date, but on the 10th January, 1838, when the amendatory law took effect. The defendants, then, were the directors of a solvent bank, when this law prescribed their duty. Their functions were discharged under it, and they were subject to all its provisions. Eight months after the law was in force the bank became insolvent, and under the act they were made liable, by this insolvency, for the debts of the bank. Now would it not be a most strange and forced construction, to hold, that they are only liable for debts contracted after the law took effect? The law declared, if the bank became insolvent under their management, they should be responsible for all its debts. And this provision applies as well to banks in operation, as to banks that might afterwards be established. If this be not the true construction of the act, the provision was worse than useless in regard to existing institutions. If the directors under it can only be held liable for debts contracted after the law took effect, the main object of the legislature will be defeated. They unquestionably intended to secure a faithful discharge of duty by the directors of banks in operation. And no hardship is perceived in applying the provisions of the law to existing banks. If the insolvency existed before the law took effect, the directors could not be held liable under it. But if the insolvency occur under the law, why may they not be held responsible. They were aware of the responsibility under which their duties were discharged, and if, with their eyes open, they incur the penalty, ought it not to be enforced against them? No retrospective effect is given to the law by this construction. The contingency on which the liability attaches happens under the law. And the debts of the bank then existing, are the only debts for which the directors are liable. They knew the amount of the debts when the law took effect; and the bank being then solvent, they were bound to keep it so. And if, by increasing its responsibilities, they reduced it to insolvency, are they not justly, as the law provides, bound for its debts? The time at which those debts were contracted is not referred to in the law, nor is it of any importance. The time of the insolvency only is important.

This makes the directors responsible for the existing debts of the bank.

The objection that the special count does not aver that the notes described in it were neither presented to the bank, nor paid by it, seems not to be well taken. The general averment in the conclusion of the declaration that the bank had not paid, though often requested, &c., is sufficient under the circumstances of the case. Indeed the averment of insolvency would seem to render unnecessary a presentation of the notes. The organization of the bank is well alleged in the special count. And as this count is deemed sufficient to maintain the action by the court, the objections to the general counts will not be examined.

It is objected that the remedy of the plaintiff is in equity and not at law. The 42d section of the act to provide for the voluntary dissolution of corporations, &c., approved April 15th, 1839, provides that "whenever a creditor of a corporation shall seek to charge the directors, trustees, or other superintending officers of such corporation, or the stockholders, on account of any liability created by law, he may file his bill for that purpose, in the court of chancery, which shall possess jurisdiction to enforce such liability, and may proceed thereon as in other cases," &c. This law gives jurisdiction to a court of chancery, in a case like the present. But this does not take away the common law jurisdiction, which gives an appropriate remedy. If the creditor wishes to prosecute the directors of the bank only, he must bring his action at law. A remedy by bill in chancery subjects him to delay, and a distribution of the assets of the bank. By the 43d section of the above act, if the bank has no effects, a decree may be made against the directors. But the 44th section provides that, "upon a final decree upon any application to restrain a corporation, or upon any bill filed against the directors or stockholders, the court shall cause a just and fair distribution of the proceeds of the property and effects of such corporation, to be made among its fair and honest creditors, in the order and proportion herein before provided," &c. This remedy then is very different from the remedy by action at law. The personal liability of the directors for the debts of the bank, "in the first place" as provided by the act, is not enforced by a chancery proceeding. But if there were no difference in this respect, the remedy at law would not be impaired by the relief which a court of chancery may afford. In no part of the act is it provided that the relief by bill shall be exclusive.

It is insisted if an action of law may be sustained under the statute, it should be brought against each director individually. Under both statutes, the directors, on the insolvency of the bank, are made jointly liable for its debts. They should then be sued

jointly, as has been done in this case. But it is objected, that on a joint liability of individuals, all must be sued. And that in the present case, Collins, who was a director, and jointly liable with the other defendants, has not been sued. Collins, it is averred in the declaration, is a citizen of Ohio, and consequently not within the jurisdiction of the court. The 1st section of the act of congress of 1839 obviates this exception. It expressly authorises the court to take jurisdiction "and proceed to the trial and adjudication of such suit between the parties who may be properly before it; but the judgment or decree entered thereon shall not conclude or prejudice other parties not served with process." But as the act authorises a party not served with process, and who may be without the jurisdiction of the court, voluntarily to appear, it is insisted that the process should be against such party, otherwise he cannot claim the benefit of the statute. Under the limited jurisdiction of this court, the plaintiff must allege, in his declaration, the citizenship of the defendants, as well as of himself. Not being a citizen of Michigan, he could not declare against a citizen of Ohio. Such an error would be fatal on demurrer. The form of pleading must be adapted to the requisitions of the statute. Should Collins in this case voluntarily appear and claim under the statute to be made a defendant, the court would give leave to the plaintiff to amend his declaration to meet the case. But unless this contingency shall occur, no reason is perceived for changing the form of the declaration. The excuse for not making Collins a defendant is sufficiently alleged. The demurrer is overruled.

[See Case No. 17,549.]